# EXHIBIT A

4/29/2021 3:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52967004
By: Carolina Salgado
Filed: 4/29/2021 3:57 PM

CAUSE NO. 2021-25780 / Court: 080

| | | |
|---|---|---|
| DCP MIDSTREAM MARKETING, LLC | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § § | |
| NEXTERA ENERGY MARKETING, LLC. | § § § | ____ JUDICIAL DISTRICT |
| *Defendant.* | | |

## PLAINTIFF DCP MIDSTREAM MARKETING, LLC'S ORIGINAL PETITION

Plaintiff DCP Midstream Marketing, LLC ("DCP") files its Original Petition, seeking a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code and monetary damages for breach of contract against Defendant NextEra Energy Marketing, LLC ("NextEra") (collectively with DCP, the "Parties") and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff DCP is a limited liability company and maintains an office at 1207 CityWest Blvd., Suite 600, Houston, Texas 77042. DCP's members have citizenships throughout the United States.

2. Defendant NextEra is a limited liability company that maintains an office at 20455 State Highway 249, Suite 200, Houston, Texas 77070. NextEra may be served with process in Texas through its registered agent, CSC-Lawyers Inc. at 211 E. 7th St. Suite 620, Austin, Texas 78701.

3. Prior to the relevant period at issue, NextEra formerly did business under the name

of NextEra Energy Power Marketing, LLC ("NextEra Energy Power"). On or about March 14, 2017, NextEra Energy Power adopted its new name of NextEra Energy Marketing, LLC. For the purpose of this Original Petition, NextEra will also refer to the past entity, NextEra Energy Power.

## II.   JURISDICTION AND VENUE

4.   This Court has jurisdiction over this matter under Texas Civil Practices & Remedies Code Section 37.003 because it is, among other things, a lawsuit for declaratory judgment. This Court also has jurisdiction because the amount in controversy, excluding interest and costs, exceeds the minimum jurisdictional limits of this Court.

5.   This Court has personal jurisdiction over NextEra because DCP's claims arise out of NextEra's contacts and conduct in Texas. In addition, NextEra is registered to do business in Texas and also has conducted business in Texas at all material times with regard to the negotiation and performance of the Parties' contractual relationship.

6.   Venue is proper in Harris County, Texas, pursuant to Texas Civil Practices & Remedies Code Section 15.002 because a substantial part of the events or omissions that give rise to DCP's claims occurred in Harris County.

## III.   DISCOVERY CONTROL PLAN

7.   Discovery will be conducted under Level 3 of Texas Rule of Civil Procedure 190.

## IV.   FACTUAL BACKGROUND

8.   This action arises out of extreme weather, referred to as Winter Storm Uri, that affected many states in the U.S., including entire geographic regions east of the Rockies, including throughout Colorado, New Mexico, Texas, and the Midcontinent region.

9.   Effective as of August 1, 2009, DCP and NextEra executed a Base Contract for Sale

2

and Purchase of Natural Gas between DCP Midstream Marketing, LLC and NextEra Energy Marketing, LLC (the "Base Contract") based on a form published by the North American Energy Standards Board, Inc. The Parties further executed an Addendum to the Base Contract dated August 1, 2009 (the "Addendum"). The Parties thereafter executed Transaction Confirmations.

    a.    Section 11 of the Base Contract contains a Force Majeure clause which provides that "neither party shall be liable to the other for failure to perform a Firm obligation, to the extent such failure was caused by Force Majeure." The Base Contract defines Force Majeure to include, among other events: "acts of God"; "storms"; and "weather related events affecting an entire geographic region, such as low temperatures which cause freezing or failure of wells or lines of pipe."

    b.    In Section 15.5, the Parties agreed that New York law governs the interpretation and performance of the Base Contract.

    c.    Sections 7.1, 7.2 and 7.4 govern NextEra's contractual obligation to pay DCP for all gas delivered.

10.    Pursuant to various Transaction Confirmations, the Parties agreed that NextEra would purchase daily volumes of gas from DCP for the relevant period at issue in this dispute—February 2021. The Transaction Confirmations expressly state as follows: "Pool sales sourced solely by affiliated gathering/processing facilities."

11.    On or about February 16, 2021, DCP issued a Force Majeure Notification of Winter Weather Event to NextEra ("Force Majeure Notice" or "Notice"). The Notice provided, in relevant part:

These winter storm systems have produced prolonged sub-zero temperatures that have

3

caused the freezing and failure of wells and of lines of pipe. These storms have also caused the interruption and curtailment of firm transportation. Further, these storms have caused breakage of machinery, equipment and lines of pipe and made necessary the repair to same.

12. As outlined in DCP's Force Majeure Notice, the winter storm caused the freezing and failure of wells and of lines of pipe. The severe weather also caused, among other things, the "interruption and curtailment of firm transportation," as well as the "breakage of machinery, equipment and lines of pipe."

13. Under the governing documents, and in light of the impacts of Winter Storm Uri, DCP was not required to deliver certain gas volumes to NextEra in February 2021.

14. DCP nonetheless was able to, and did, supply NextEra with volumes of natural gas during the relevant time period, and on March 17, 2021, properly invoiced NextEra $20,519,998.11 for those deliveries.

15. On March 25, 2021, NextEra stated that it disputes the DCP Invoice pursuant to Section 7.4 of the Base Contract and refused to tender to DCP a full payment of the invoiced $20,519,998.11. NextEra further claimed that DCP's Force Majeure Notice did not comply with the requirements of Section 11.5 of the Base Contract.

16. NextEra also stated that it would pay only the undisputed portion of the invoice—$18,499,417.29, and that it is purportedly "entitled to damages" for DCP's alleged failure to deliver gas in February 2021.

17. DCP denies that it owes any amounts to NextEra under the terms of the governing documents and in light of Winter Storm Uri, and rightfully seeks full payment for the gas deliveries it made to NextEra and the undisputed amounts owed for those gas deliveries.

## V. CAUSES OF ACTION

### Declaratory Judgment

18. DCP incorporates all of the foregoing paragraphs by reference as if fully set forth herein.

19. There is a present and existing good faith dispute between DCP and NextEra concerning their rights and obligations under the Parties' agreements, including whether DCP was required to provide or cover certain gas volumes in February 2021 and, if so, whether the extreme weather caused by the February 2021 winter storm and its resulting impacts constituted Force Majeure, thereby excusing any alleged requirement of DCP to provide or cover such volumes.

20. Pursuant to Texas Civil Practice & Remedies Code Section 37.001, *et seq.* and New York Civil Practice Law and Rules 3001, DCP seeks a declaratory judgment to determine the Parties' rights and obligations under the Parties' agreements.

21. DCP seeks declarations including the following:

   a. DCP's notice was compliant with Section 11.5 of the Base Contract, contrary to NextEra's allegation;

   b. DCP owes no damages to NextEra under the Parties' agreements; and

   c. Such further declaratory relief as may be appropriate.

### Breach of Parties' Agreements

22. DCP incorporates all of the foregoing paragraphs by reference as if fully set forth herein.

23. The Parties validly executed the Base Contract, along with the other governing documents, including the Addendum and the Transaction Confirmations, and NextEra agreed it

5

would purchase, and pay for, gas from DCP.

24. It is undisputed that DCP sold over $20 million of gas to NextEra in February 2021, and NextEra has refused to pay the full amount owed for such gas to DCP. NextEra contractually owes DCP that amount pursuant to the governing documents.

25. By its unreasonable and unjustified failure to pay the DCP invoice in full, containing undisputed volumes of gas delivered, NextEra breached the Parties' agreements and proximately caused damages to DCP.

## VI.   CONDITIONS PRECEDENT

26. All conditions precedent have been met, have occurred, or have been waived.

## VII.   TEXAS RULE OF CIVIL PROCEDURE 47

27. For purposes of compliance with Texas Rule of Civil Procedure 47, DCP states that it seeks monetary relief in excess of $1 million.

## VIII.   ATTORNEYS' FEES

28. DCP seeks and is entitled to attorneys' fees and costs, including under Texas Civil Practices & Remedies Code Section 37.001, *et. seq.*

## IX.   PRAYER

WHEREFORE, PREMISES CONSIDERED, DCP respectfully requests that the Court:

a. Determine, adjudicate, and declare the rights and obligations of DCP and NextEra as set forth in the causes of action, above;

b. Award DCP actual damages for NextEra's breach of the Parties' agreements;

c. Award DCP pre-judgment and post-judgment interest in the maximum amount permitted by law and the Parties' agreements;

d. Award DCP costs and attorneys' fees in the maximum amount permitted by law

and the Parties' agreements; and

e.  Grant DCP such other and further relief to which it may show itself justly entitled.

Dated: April 29, 2021                              Respectfully submitted,

                                                    By:   /s/ *Katherine G. Treistman*
Katherine G. Treistman
TX Bar No. 00796632
Katherine.Treistman@arnoldporter.com
Maurice Sayeh
TX Bar No. 24122853
Maurice.Sayeh@arnoldporter.com
ARNOLD & PORTER
700 Louisiana Street, Ste. 4000
Houston, Texas 77002
T: 713.576.2400
F: 713.576.2499

Timothy R. Macdonald*
Timothy.Macdonald@arnoldporter.com
Colin O'Brien*
Colin.Obrien@arnoldporter.com
ARNOLD & PORTER
1144 Fifteenth Street, Ste. 3100
Denver, Colorado 80202
T: 303.863.1000
F: 303.863.2301

ATTORNEYS FOR PLAINTIFF,
DCP MIDSTREAM MARKETING, LLC

*Pro hac vice motions to be filed*